IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Henry Lee Bradley, *also known as* Henry L. Bradley, | ) Civil Action No. 9:15-cv-02741-TLW ) ) |
| Petitioner, | ) ) **ORDER** |
| v. | ) ) |
| Robert Stevenson, III, *Warden of Broadriver*, | ) ) |
| Respondent. | ) |

Petitioner Henry Lee Bradley, ("Petitioner"), a self-represented state prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 9, 2015. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for review of the petition, motions, and a Report and Recommendation ("Report").

On April 12, 2016, the Magistrate Judge issued a thorough Report, (ECF No. 29), recommending that Respondent's Motion for Summary Judgment, (ECF No. 17), be granted and that the petition be dismissed with prejudice. Petitioner filed a timely Objection to the Report, (ECF No. 31), and the matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). This Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record, including, in particular, the Report and Recommendation of the Magistrate Judge and Petitioner's Objection. The Court has undertaken this *de novo* review, even though Petitioner's Objection consists almost exclusively of restatements of the arguments already advanced in prior filings coupled with inapposite legal citations and efforts to present alternate factual scenarios not supported by the record. The Petitioner's Objection does not meaningfully counter any of the core legal conclusions reached by the Magistrate Judge or the legal analysis. Specifically, Petitioner does not meaningfully object to the Magistrate Judge's findings related to the procedural default and/or non-cognizability of certain of Petitioner's grounds for relief or the determination that Petitioner has failed to show that any of his many allegations of ineffective assistance of counsel satisfy the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report, and incorporates it herein by reference, (ECF No. 29), overruling Petitioner's Objection. (ECF No. 31). Respondent's Motion for Summary Judgment, (ECF No. 17), is **GRANTED** and the petition is **DISMISSED** with prejudice.

## Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 001). In this case, this Court concludes that the standard for issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

September 19, 2016
Columbia, South Carolina